FILED

2017 AUG 21   AM 10:49

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PAUL MATTHEW BOLGER,

    Defendant.

No. SA CR 17 CR00107-BRO

I N F O R M A T I O N

[18 U.S.C. § 1035: False
Statements Relating to Health
Care Matters; 18 U.S.C.
§§ 2(a),(b): Aiding and Abetting
and Causing an Act to be Done]

    The Acting United States Attorney charges:

        [18 U.S.C. § 1035; 18 U.S.C. §§ 2(a),(b)]

A.   INTRODUCTORY ALLEGATIONS

    At all times relevant to this Information:

    1.   Defendant PAUL MATTHEW BOLGER ("BOLGER") was a
physician doing business in Bettendorf, Iowa, within the
Southern District of Iowa.

    2.   TC Medical Pharmacy ("TCMP") was a retail pharmacy
doing business in Corona, California, in Orange County, within
the Central District of California.

    3.   T.V.L., aka T.L. ("T.L.") was the owner, operator, and
pharmacist-in-charge of TCMP.

4.    Robert Paduano ("Paduano") was an individual who resided in St. Augustine, Florida, who sometimes did business under various fictitious business names or entities, including Global Marketing Strategies.

5.    T.L., on behalf of TCMP, agreed to pay Paduano a substantial fee, sometimes as much as 40%, for the referral of compounded medications prescriptions, as described below. Paduano obtained authorization for those prescriptions from defendant BOLGER and other physicians in exchange for a per-prescription fee.  T.L., on behalf of TCMP, then caused to be submitted to TRICARE a claim for reimbursement for filling the prescriptions referred by Paduano.

The TRICARE Program

6.    TRICARE was a health care benefit program, as defined by 18 U.S.C. § 24(b), that provided coverage for Department of Defense beneficiaries world-wide, including active duty service members, National Guard and Reserve members, retirees, their families, and survivors.  TRICARE was administered through a process that included reviewing and paying on claims submitted for reimbursement by network providers including TCMP that were duly authorized by a physician based on medical necessity following a bona-fide patient examination.

Compounded Medications

7.    In general, "compounding" is a practice by which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug or multiple drugs to create a drug or medication tailored

1  to the needs of an individual patient.  Compounded medications

2  are not FDA-approved, that is, the FDA does not verify the

3  safety, potency, effectiveness, or manufacturing quality of

4  compounded medications.  The California State Board of Pharmacy

5  regulates the practice of compounding in the State of

6  California.

7  B.  MATERIALLY FALSE, FICTITIOUS, AND FRAUDULENT STATEMENTS

8         8.  Beginning in or around April 2015 and continuing

9  through in or around May 2015, in Orange County, within the

10  Central District of California, and elsewhere, in a matter

11  involving a health care benefit program, specifically, TRICARE,

12  and in connection with the delivery of and payment for a health

13  care benefit, item, and service, specifically, the claiming of

14  reimbursement for dispensing, and dispensing of, compounded

15  medications prescriptions, defendant BOLGER knowingly and

16  willfully made and used, and caused to be made and used,

17  materially false writings and documents knowing that they

18  contained materially false, fictitious, and fraudulent

19  statements and entries, including the following:

20         a.  On or about April 3, 2015, defendant BOLGER authorized

21  a prescription for compounded medications for C.R., submitted to

22  defendant BOLGER by Paduano in exchange for a fee, that

23  defendant BOLGER knew was not medically necessary and was not

24  based upon a bona fide patient examination, knowing that T.L.,

25  on behalf of TCMP, would cause to be submitted a claim to

26  TRICARE for reimbursement, and for which TCMP, in fact,

27  submitted a claim to TRICARE for reimbursement that TRICARE paid

28  in the approximate amount of $11,474.

1       b.   On or about April 19, 2015, defendant BOLGER

2   authorized a prescription for compounded medications for R.S.,

3   submitted to defendant BOLGER by Paduano in exchange for a fee,

4   that defendant BOLGER knew was not medically necessary and was

5   not based upon a bona fide patient examination, knowing that

6   T.L., on behalf of TCMP, would cause to be submitted a claim to

7   TRICARE for reimbursement, and for which TCMP, in fact,

8   submitted a claim to TRICARE for reimbursement that TRICARE paid

9   in the approximate amount of $11,474.

10      c.   On or about April 20, 2015, defendant BOLGER

11  authorized a prescription for compounded medications for G.G.,

12  submitted to defendant BOLGER by Paduano in exchange for a fee,

13  that defendant BOLGER knew was not medically necessary and was

14  not based upon a bona fide patient examination, knowing that

15  T.L., on behalf of TCMP, would cause to be submitted a claim to

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

TRICARE for reimbursement, and for which TCMP, in fact, submitted a claim to TRICARE for reimbursement that TRICARE paid in the approximate amount of $41,709.

                         SANDRA R. BROWN
                         Acting United States Attorney


                         LAWRENCE S. MIDDLETON
                         Assistant United States Attorney
                         Chief, Criminal Division

                         GEORGE S. CARDONA
                         Assistant United States Attorney
                         Chief, Major Frauds Section

                         STEPHEN A. CAZARES
                         Assistant United States Attorney
                         Deputy Chief, Major Frauds Section

                         MARK AVEIS
                         Assistant United States Attorney
                         Major Frauds Section